Dennis French
ARDC #3126101
Dombroff & Gilmore
55 West Wacker Drive
Suite 1000
Chicago, Illinois 60601
(312) 795-0300
Attorneys for Plaintiff,
Mayflower Transit, LLC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MAYFLOWER TRANSIT, LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 02C50103 |
| vs. ) | |
| ) | |
| EXELON ENERGY OHIO, INC. a ) | |
| Delaware corporation f/k/a ) | JUDGE REINHARD |
| UTILIQUEST ENERGY SOLUTIONS, ) | |
| INC. and DAVID WINE and ) | |
| LAURIE WINE, ) | |
| ) | |
| Defendants. ) | |



## COMPLAINT

Plaintiff, Mayflower Transit, LLC. ("Mayflower"), files this Complaint against Defendants,

Exelon Energy Ohio, Inc. a Delaware Corporation, f/k/a Utiliquest Energy Solutions, Inc.

("Exelon")and David Wine and Laurie Wine ( "Wine"), and in support thereof, states as follows:

## Jurisdiction

1. This Court has original jurisdiction in this action by virtue of 28 U.S.C. Sections 1331 and 1337, as confirmed in Thurston Motor Lines v. Rand, 460 U.S. 583 (1983) and 28 U.S.C. Section 1367. This action involves the collection of transportation charges for a shipment moving in interstate commerce, pursuant to the I.C.C. Termination Act of 1995, 49 U.S.C. Sections 13702, 13706 and 14075.

2. The matters complained of herein and the liability of the Defendants arise from the interstate carriage of Wine's household goods and personal property from Rockford, Illinois to Colorado Springs, Colorado.

## Parties

3. Mayflower is a Missouri Limited Liability company with its principal place of business in Fenton, Missouri. Mayflower is a motor carrier of household goods and personal property by authority of the Surface Transportation Board and the I.C.C. Termination Act of 1995, 49 U.S.C. Section 13101 et. seq.

4. Upon information and belief, Defendant, Exelon maintains a principal place of business at 6120 Stadia Ct., Suite C, Colorado Springs, Colorado 89015.

5. Upon information and belief, Defendants, David Wine and Laurie Wine, reside at 9495 Pony Gulch Way, Colorado Springs, Colorado 89025.

## Venue

6. Venue is proper in the United States District Court, Northern District of Illinois, Western Division, in that a substantial part of the events and omissions giving rise to this action occurred in this District. 28 U.S.C. Section 1391.

## Count I – Breach of Interstate Transportation Contract

Plaintiff, for Count I of its Complaint against David Wine and Laurie Wine, states as follows:

7. Mayflower realleges and incorporates paragraphs 1 through 6 of this Complaint by reference as if fully set forth herein.

8. The matters complained of herein and the liability of Defendants is predicated upon the interstate transportation of property by Mayflower, pursuant to a Uniform Household Goods Bill of Lading and Freight Bill, and Mayflower's duly published tariffs incorporated therein by reference. 49 U.S.C. Sections 13702 and 13706.

9. On or about September 13, 2001, Exelon sent a letter to Mayflower's household goods agent as defined by 49 C.F.R. 375.14 (a)(1), McMahon Movers authorizing the relocation of Wine pursuant to a binding estimate issued by Mayflower and indicating payment for these services would be made by Exelon. A copy of the binding estimate is attached as Exhibit 1 and a copy of the letter is attached as Exhibit 2.

10. On or about September 28, 2001, Wine entered into and accepted a contract with Mayflower for the interstate shipment of Wine's personal property and household goods from Rockford, Illinois to Colorado Springs, Colorado. A true, accurate and complete copy of said contract, Uniform Household Goods Bill of Lading and Freight Bill number 427 08406 1, which incorporates by reference Mayflower's published tariffs, is attached hereto as Exhibit 3.

11. The following terms are included in Item 43 of published tariff S.T.B. H.G.B. 400-M Section 3, and they are also are printed on the reverse side of the Bill of Lading entered into between Mayflower and Defendants:

"The shipper...upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs..."

A copy of tariff S.T.B. H.G.B. 400-M Item 43 in attached as Exhibit 4.

12. Further, on the face of the Bill of Lading, it is stated,

"If credit is extended by the carrier by agreeing to bill an employer or other party, in any event that any or all of the charges are not paid, the owner of the goods and/or beneficiary of the services acknowledges he remains primarily liable for payment."

13. On or about September 28, 2001, Wine tendered to Mayflower their personal goods and personal property for interstate transit from Rockford, Illinois to Colorado Springs, Colorado.

14. On or about October 2, 2001, Mayflower delivered the tendered household goods and personal property to Wine at Colorado Springs, Colorado, pursuant to the Bill of Lading. The transportation and other related charges accruing from the interstate transportation of Wine's property is $3,449.16. A true, accurate and complete copy of Mayflower's invoice number M 0427 08406 01 dated October 17, 2001 is attached hereto as Exhibit 5.

15. The transportation services and other related services for carriage of Wine's personal property and household goods were performed in accordance with the Bill of Lading and Mayflower's tariff provisions incorporated therein.

16. Wine was the actual and beneficial owner or legal possessor, shipper and consignee of the household goods and personal property for which the interstate transportation services were provided by Mayflower, pursuant to the attached Bill of Lading. In

accordance with 49 U.S.C. Sections 13702 and 13706, Mayflower is obligated to collect, and Defendant's are obligated to pay, the full applicable tariff charges due.

17. As reflected in the attached Bill of Lading (Exhibit 3), Wine accepted the personal property and household goods upon delivery in Colorado Springs, Colorado on or about October 2, 2001.

18. Mayflower has performed all of the terms and conditions set forth in the attached Bill of Lading and there is due and owing the sum of $3,449.16 as unpaid tariff transportation charges and/or other related charges.

19. Despite timely and repeated demand, Wine has breached the Bill of Lading by failing and/or refusing to pay Mayflower the outstanding transportation charges and other related charges. Wine is liable to Mayflower in the sum of $3,449.16, pursuant to the terms of the Bill of Lading and the I.C.C. Termination Act of 1995, 49 U.S.C. Sections 13706 and 13707.

WHEREFORE, Mayflower prays the Court for judgment in its favor and against David Wine and Laurie Wine for actual damages in the amount of $3,449.16, together with interest at the legal rate from the relative dates to the date of judgment, for the cost of this action, and for such other and further relief as the Court deems just and proper.

## Count II – Unjust Enrichment

Plaintiff, for Count II of its Complaint against David Wine and Laurie Wine and Exelon Energy Ohio, Inc., states as follows:

20-36. Mayflower realleges and incorporates paragraphs 1 through 17 of this Complaint by reference as if fully set forth herein as and for paragraphs 20-36 of Count II.

37. On or about September 28, 2001 through October 2, 2001, at the request of Defendants, Mayflower transported Wine's household goods and personal property from Rockford, Illinois to Colorado Springs, Colorado.

38. Mayflower rendered to Wine work, labor, materials, and services for which all Defendants promised to pay the reasonable value thereof.

39. Wine executed the Bill of Lading (Exhibit 3), and thereby acknowledged their liability for the transportation charges and other related charges.

40. Exelon (the employer of one of the Wines) issued a letter to Mayflower authorizing the services set forth in the binding estimate for Wine and agreeing to pay for the services provided by Mayflower.

41. Mayflower has conferred a benefit upon Defendants by providing Defendants with the said transportation and freight services as described above.

42. Mayflower, at the time it supplied Defendants with such services, had a reasonable expectation of being compensated therefore.

43. The services were conferred upon Defendants at the express request and insistence of Defendants. If Defendants are allowed to retain the benefits conferred upon them by Mayflower, without compensating Mayflower therefore, Defendants will be unjustly enriched.

44. The reasonable value of all of the services performed by Mayflower for the benefit of Defendants was $3,449.16.

45. Notwithstanding repeated demands for payment of the $3,449.16, Defendants have refused to pay any part of the transportation charges and other related charges due to Mayflower.

WHEREFORE, Mayflower prays the Court for judgment in its favor and against Defendants for actual damages in the amount of $3,449.16, as the evidence will show, together with interest at the legal rate from the relative dates to the date of judgment, for the costs of this action, and for such other and further relief as the Court deems just and proper.

### Count III-Detrimental Reliance

Plaintiff, for Count III of its Complaint against Exelon, states as follows:

46-63. Plaintiff realleges and incorporates Paragraphs 1-18 of Count I of this Complaint as if fully set forth herein as and for paragraphs 45-63 of Count III.

64. On or about September 28, 2001 through October 2, 2001, at the request of Exelon, Mayflower transported Wines' household goods and personal property from Rockford, Illinois to Colorado Springs, Colorado.

65. Mayflower rendered to Defendants work, labor, materials, and services for which Exelon promised to pay the amount of $3,415.01 pursuant to the binding estimate. (Exhibit 1).

66. Mayflower relied to its detriment upon the representations made by Exelon that it would pay for the services set forth above.

67. Mayflower's reliance on Exelon's representations were justified.

68. As a result of Exelon's failure to pay for the services provided by Mayflower, it has been harmed to its detriment in the amount of $3,449.16.

WHEREFORE, Mayflower prays the Court for judgment in its favor and against Defendant, Exelon, for actual damages in the amount of $3,449.16, as the evidence will show, together with interest at the legal rate from the relative dates to the date of judgment, for the costs of this action, and for such other and further relief as the Court deems just and proper.

Mayflower Transit, LLC., Plaintiff

By: _____
Dennis E. French, Esq.
ARDC # 3126101
Dombroff & Gilmore
55 West Wacker Drive
Suite 1000
Chicago, IL 60601
(312) 795-0300

## FAIR DEBT COLLECTION PRACTICES ACT NOTICE

To Defendants Utiliquest and David Wine and Laurie Wine

Unless you notify Plaintiff within 30 days after receiving this Complaint that you dispute the validity of this debt or any portion thereof, Plaintiff will assume this debt is valid. If you notify Plaintiff in writing within 30 days after receiving this Complaint, Plaintiff will verify the debt and mail you verification of the debt. If you so request Plaintiff in writing within 30 days after receiving this Complaint, Plaintiff will provide you with the name and address of any original creditor, if different from the current creditor.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

The Summons attached to this Complaint states that you have 20 days within which to answer the Complaint. The twenty-day period stated in the summons is specified by rule 12(a), Federal Rules of Civil Procedure. This is in conflict with the Federal Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, et. seq. As stated above, you have 30 days under the Fair Debt Collection Practices Act within which to dispute the validity of this debt. Due to this conflict, the Plaintiff will allow you 30 days within which to file an answer to the Complaint. If you fail to respond within 30 days, the Plaintiff will ask the Court to enter your default.

Civil Cover Sheet  02C50103  Page 1 of 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

02 C 50103

## Civil Cover Sheet JUDGE REINHARD

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** MAYFLOWER TRANSIT, LLC.

County of Residence: St. Louis, Missouri County

Plaintiff's Atty: Dennis E. French
Dombroff & Gilmore
55 W. Wacker Dr., Suite 1000,
Chicago, IL 60601
(312) 795-0300

**Defendant(s):** EXELON ENERGY OHIO, INC., a Delaware corporation f/k/a UTILIQUEST ENERGY SOLUTIONS, INC. and DAVID WINE and LAURIE WINE

County of Residence: WINNEBAGO

Defendant's Atty:

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**III. Citizenship of Principal Parties** (Diversity Cases Only)
Plaintiff:- N/A
Defendant:- N/A

**IV. Origin :** 1. Original Proceeding

**V. Nature of Suit:** 450 Commerce/ICC Rates/etc.

**VI. Cause of Action:** Suit for collection of interstate transportation charges under 49 U.S.C. Sections 13702 and 13706

**VII. Requested in Complaint**
Class Action: No
Dollar Demand: $3,449.16
Jury Demand: No

DOCKETED
MAR 1 8 2002

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature:

Date: 3-15-02

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm  3/12/02

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Western Division

In the Matter of

MAYFLOWER TRANSIT, LLC.
vs.
EXELON ENERGY OHIO, INC., a Delaware corporation f/k/a UTILIQUEST ENERGY SOLUTIONS, INC. and DAVID WINE and LAURIE WINE

Case Number: 02 C 50103 — JUDGE REINHARD

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

MAYFLOWER TRANSIT, LLC.

| (A) | (B) |
|---|---|
| SIGNATURE  | SIGNATURE |
| NAME: Dennis E. French | NAME: |
| FIRM: Dombroff & Gilmore | FIRM: |
| STREET ADDRESS: 55 W. Wacker Dr., Suite 1000 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60601 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312) 795-0300 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 3126101 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ✓ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ✓ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

DOCKETED MAR 18 2002